IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, N.A., as Securities Intermediary,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>HERMAN SEGAL,<br>　　　　　　Defendant. | Civil Action No. 1:21-cv-01540-PKC-TAM |

**DECLARATION OF KATHERINE A. SKEELE REGARDING SUFFICIENCY OF SERVICE ON DEFENDANT HERMAN SEGAL**

In response to the directive of this Court on July 1, 2021, I, Katherine A. Skeele, hereby declare as follows:

　　1.　My name is Katherine A. Skeele, and I am associated with the New York office of Holland & Knight LLP. I submit this Declaration in explanation of Wilmington Trust, N.A.'s, as Securities Intermediary ("Security Intermediary['s]") service upon Herman Segal ("Defendant") in this action, by affixing the summons to a door, and by mailing it to an address on East 17th Street in Brooklyn, New York.

　　2.　With apologies to the Court, the undersigned misunderstood the Court's July 1, 2021 instruction, and originally took it as an instruction to file a certificate of service, which had been filed. Securities Intermediary respectfully requests that the Court accept the filing of this declaration after the July 23, 2021 date ordered by the Court.

　　3.　At the time the Complaint in this action was drafted, Securities Intermediary had public records information that Defendant resided at 4115 Quentin Road, Brooklyn, New York, 11234, with his wife, Yocheved Segal.

　　4.　Securities Intermediary, through a process server, made three attempts at service at that address. Each time, the process server found the property apparently uninhabited, with no

vehicle in the driveway, a For Sale sign at outside, and its outer gate padlocked. I have attached a true and accurate copy of the process server's affidavit of non-service to this effect as **Exhibit A**.

5. I directed an investigator to determine Defendant's current residence. The investigator determined that, on April 27, 2021, the property on Quentin Road had been sold, and was no longer owned, as it previously had been, by Defendant and/or Defendant's spouse.

6. The investigator determined that, following the sale of Defendant's prior residence at Quentin Road, Defendant's spouse established residence at 1535 East 17th Street, Apt 4R, Brooklyn, NY 11230. Ms. Yocheved Segal changed her address to the East 17th Street address with the Department of Motor Vehicles. Elliot Segal, apparently the son of Defendant and Yocheved Segal, also appears to reside at the East 17th Street address.

7. Defendant appears not to have changed his official address, leaving the sold and uninhabited Quentin Road address as his address for voter registration and the Department of Motor Vehicles. However, he is clearly no longer in residence at that address. Furthermore, Securities Intermediary's process server noted that the buzzer at 1535 East 17th Street, Apt 4R lists an "H. Segal," and its investigator found no record of Defendant's divorce from Yocheved Segal.

8. Securities Intermediary, through a process server, made multiple attempts to effect service at the East 17th Street address, as listed in the Affidavit of Service filed at Dkt No. 5, and ultimately effected service by affixing the Summons and Complaint to the door and sending it by certified mail to that address.

9. New York courts, in interpreting service requirements under the New York Civil Procedure Law and Rules, are flexible in allowing service to be deemed accomplished when made at a defendant's apparent address, where information as to a defendant's official residence is not readily available. *Bartomeo v. Brookdale Hosp. Medical Center*, 121 A.D.2d 670 (2d Dep't 1986). Furthermore, a marital residence may reasonably be assumed to be the residence of a married defendant, particularly where the married defendant has not taken steps to establish an

official record of residence, as Defendant has not. *CC Home Lenders v. Cioffi*, 294 A.D.2d 325 (2d Dep't 2002).

      10. From the fact that his wife has established her residence at the East 17th Street address, from the fact that Defendant and his wife remain married, from the fact that Defendant's first initial is displayed at the buzzer of the East 17th Street apartment, and from the fact that public records indicate that Defendant has surrendered his prior residence on Quentin Road, it is clear that Defendant's current abode and residence is 1535 East 17th Street, Apt 4R.

      11. In addition to making nail-and-mail service at the East 17th Street address, the undersigned identified counsel for Defendant in a criminal matter pending before this Court, in which Defendant is charged with felony tax evasion. The criminal case is *United States v. Herman Segal*, E.D.N.Y. Case No. 1:20-cr-00551-MKB-1. Counsel for Defendant in that matter is James John Mahon, Esq., of the law firm Becker & Poliakoff.

      12. I spoke with Mr. Mahon by telephone, and confirmed that he currently represents Defendant in that criminal matter. I provided Mr. Mahon with the Case Number of this matter, and a copy of the complaint (without its attachments). I asked whether Mr. Mahon could accept service for Defendant. Mr. Mahon advised me that he would discuss the matter with Defendant.

      13. In further correspondence, which took place by telephone and email, Mr. Mahon confirmed that he sent his client the complaint in this action and discussed with Defendant my request that Mr. Mahon be authorized to accept service of process on Defendant's behalf. Mr. Mahon informed me that Defendant did not give him authority to accept service and that Mr. Mahon would not be representing Defendant in this matter.

      14. Securities Intermediary has made service at the most likely address it has been able to obtain for Defendant - the residence established by Defendant's wife and son, after the residence Defendant previously shared with his wife was sold. As noted above, Securities Intermediary has also ensured that Defendant is aware of this action and has communicated with Defendant's counsel in the above-mentioned pending criminal matter.

15. Given that Defendant has elected not to update public records after changing his residence, and given that Defendant has actual notice that this action has been filed against him, Securities Intermediary respectfully requests that the Court accept the course of action it has taken as having effected good service.

16. I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 26th day of July, 2021 at Kings County, New York.

*/s Katherine A. Skeele*  
Katherine A. Skeele