# Holland & Knight

31 West 52nd Street | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Katherine A. Skeele
+1 212-513-3534
Katherine.Skeele@hklaw.com

December 29, 2021

*Via ECF*

Honorable Taryn A. Merkl
United States Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *Wilmington Trust, N.A., as Securities Intermediary v. Herman Segal*
        Civil Action No. 1:21-cv-01540-PKC-TAM
        Letter Update

Dear Judge Merkl:

By text order entered on December 1, 2021, this Court directed Wilmington Trust, N.A., as Securities Intermediary ("Securities Intermediary") to provide a status report on or before December 30, 2021.

At the time of our last status update, dated September 27, 2021 (Dkt No. 7), we reported that we had gathered evidence to establish that the defendant, Herman Segal, had acted intentionally to hide the fact of his mother's (Lily Segal, aka Sprinta Berger) death.[1] By falsifying public records, changing his mother's name before her death, leaving her grave unmarked, and otherwise acting to prevent Securities Intermediary from accessing documentation of Lily Segal's passing, defendant actively took steps in an effort to prevent Securities Intermediary from establishing the fact of death to the carrier of policies of insurance on defendant's mother's life, which Securities Intermediary purchased and holds the right to collect on. The combined face value of the two policies Securities Intermediary owns on the life of Lily Segal is $19 million.

Herman Segal was personally involved in the issuance of the two policies of life insurance on his mother's life, and was a beneficiary of the two trusts that originally owned the policy. In 2012, John Hancock sought to terminate the policies. John Hancock and the two Segal-family trusts that owned the policies at that time entered into a settlement agreement, however, that maintained the policies in full force and effect, and effected the sale of the policies on the tertiary

---

[1] To keep this update brief, Securities Intermediary incorporates here the details described in its September 27, 2021 update.

Anchorage | Atlanta | Austin | Boston | Charlotte | Chicago | Dallas | Denver | Fort Lauderdale | Houston | Jacksonville | Lakeland
Los Angeles | Miami | New York | Orlando | Philadelphia | Portland | San Francisco | Stamford | Tallahassee | Tampa | Tysons
Washington, D.C. | West Palm Beach

December 29, 2021
Page 2

market. Herman Segal was involved in that transaction, and signed an acknowledgement that the Segal-family trusts and the trust beneficiaries had agreed to the sale of the beneficial interests in the policies. Securities Intermediary is now the beneficial owner of the policies, entitled to collect their $19 million face value, as Lily Segal is deceased. Herman Segal, however, will not allow Securities Intermediary to reap the benefit of its investment.

Before Securities Intermediary filed this action, Herman Segal attempted to extort Securities Intermediary, demanding additional compensation in exchange for provision of valid information about the death of his mother. Securities Intermediary would not succumb to extortion, and filed this action seeking damages flowing from Herman Segal's willful misconduct, and seeking a declaratory judgment as to the fact of Lily Segal's death. Herman Segal attempted to evade service, failed to respond to the Summons and Complaint after they were ultimately served, refused to respond to any attempt by Securities Intermediary or its counsel to reach him, and has otherwise made every effort to prevent Securities Intermediary from collecting on the policies they are entitled to benefit from. Herman Segal has responded to none of Securities Intermediary's and its counsel's efforts to reach him, and has not appeared in this action.  The damages to Securities Intermediary are profound, and continue to grow.

Securities Intermediary has continued its investigation since September 27, 2021, and has been in communication with John Hancock, the carrier of the policies at issue, in an effort to collect the death benefits and mitigate its damages. Because of Herman Segal's actions and obstructionist conduct, John Hancock has been unable to conclude that Lily Segal has in fact passed away, and continues to seek relevant information.  Consequently, the resolution of this action and the declaratory judgment requested herein, establishing, in part, that Lily Segal has in fact passed away and the date of her death, continues to be of great importance.  Securities Intermediary therefore intends to complete its discovery in this case within the next 6 weeks, and immediately thereafter move the Court for the appropriate orders and judgment in order to vindicate its rights.

In light of the above, Securities Intermediary respectfully asks that this Court grant Securities Intermediary until February 28, 2021, to conclude discovery and move the Court for the orders and relief necessary to make Securities Intermediary whole and bring this case to closure.

We thank the Court for its patience, and advise that we are available should Your Honor have any questions.

Sincerely yours,

HOLLAND & KNIGHT LLP

*/s Katherine A. Skeele*
Katherine A. Skeele

Cc: Defendant, *via* U.S. Mail at 1535 East 17th Street, Apt 4R, Brooklyn, NY 11230