# Holland & Knight

July 22, 2022

Honorable Taryn A. Merkl
United states Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza E Rm. 317N
Brooklyn, NY 11201

Re:   *Wilmington Trust, N.A. v. Segal* Civil Action No. 1:21-cv-01540

### Motion to Seal Letter Regarding Filing of Proposed Judgment, with Its Exhibits

Dear Judge Merkl,

We represent Wilmington Trust N.A. ("Securities Intermediary"), in the above-referenced matter. Securities Intermediary submits this letter motion pursuant to Your Honor's Individual Rules and the Individual Rules of the Honorable Pamela Chen, which we understand to be incorporated by Your Honor's rules. Securities Intermediary seeks leave to move for an order to seal portions of its Proposed Judgment and portions of its Memorandum of Law, redacted copies of which have previously been filed. Should Your Honor determine that full motion practice is not necessary with respect to this motion, we welcome the Court's order granting this request to seal.

The documents Securities Intermediary seeks to seal are a Proposed Judgment and Memorandum of Law filed in association with Securities Intermediary's second motion for entry of default judgment against Defendant, and contains personal identifiable information.

In support of its sealing application, Securities Intermediary notes that "[t]he public's right to access of judicial records, while presumed, is not unlimited." *Gambale v. Deutsche Bank AG*, No. 02-cv-4791, 2003 WL 21511851, at *2 (S.D.N.Y. July 2, 2003). District courts may issue "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). "The district court has sole discretionary authority, as custodian of the judicial record, to issue a protective order to limit the public's access to the judicial records." *Gambale*, 2003 WL 21511851, at *2. When considering whether to issue a protective order, the Court must balance the demonstrated interest of the movant in the secrecy of the information in question against the importance of the material to the public's interest in access to such materials. *Id.* (citing *Nixon v. Warner Communications*, 435 U.S. 589, 597-99 (1978); *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 826 (2d Cir. 1997)).

Here, the Proposed Judgment and Memorandum of Law contain the full social security number and date of birth for a deceased individual, Lilly Segal, and the full social security number

of a living person. The inclusion of this information in these documents is necessary for Securities Intermediary to obtain the requested relief (*i.e.*, a declaration regarding Lilly Segal's correct social security number). As noted in Securities Intermediary's moving papers on its second motion for entry of a default judgment, Ms. Segal's current death certificate uses an incorrect social security number that belongs to a person who is currently living in Florida.

Based on the foregoing, Securities Intermediary hereby moves for an Order permitting the sealing of the Proposed Judgment and Memorandum of Law.

Respectfully submitted,

HOLLAND & KNIGHT LLP

*/s Katherine A. Skeele*
Katherine A. Skeele
31 E. 52nd Street
New York, New York 10019

Copy to:   All attorneys of record *via* NYSCEF
           Non-Appearing Defendant Herman Segal, by mail