# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

December 2, 2022

*Via ECF*

Honorable Taryn A. Merkl
United States Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza E Rm 317N
Brooklyn, NY 11201

Re:     Case 1:21-cv-01540 *Wilmington Trust, N.A, v. Segal.*

Dear Judge Merkyl,

As indicated during the November 21, 2022 status conference before Your Honor, Wilmington Trust, N.A. ("Securities Intermediary") intends to dismiss its claims against Herman Segal upon payment by John Hancock Life Insurance Co. of the death benefit proceeds relating to the policies owned by Securities Intermediary insuring the life of Lilly Segal. To that end, Securities Intermediary cancelled the deposition of Herman Segal, and the Court temporarily adjourned the deadlines for discovery in this matter. As discussed during the status conference, Securities Intermediary has been in communication with John Hancock for over a year regarding the policies at issue, and John Hancock has suggested in the past that Securities Intermediary obtain a judgment to resolve what it deemed to be factual issues relating to Mrs. Segal's passing. Accordingly, counsel for Securities Intermediary expected in good faith that John Hancock would initiate payment of the death benefit proceeds upon receipt of the Court's November 14, 2022 judgment.

As mentioned during the conference, in order to facilitate prompt payment of the death benefits and dismissal of the action, counsel for Securities Intermediary had previously sent a letter to John Hancock informing it of the judgment issued by this Court resolving the factual issues surrounding Mrs. Segal's passing. In particular, counsel sent written correspondence on November 15, 2022 (attaching the November 14, 2022 judgment) to the claims department at John Hancock, and specifically, to the individual in that department to whom the matter has been assigned (and with whom Securities Intermediary has communicated previously). *See* **Exhibit A**. Additionally, counsel for Securities Intermediary sent the same correspondence to in-house counsel for John Hancock with whom we had been communicating previously regarding the policies at issue on November 15, 2022 (the day after the judgment was received). *See* **Exhibit B**.

As Your Honor is aware, during the Nov. 21 conference, counsel for Securities Intermediary indicated that it expected to receive a response from John Hancock regarding

payment of the death benefits by December 2, 2022 (and thus would provide a further update to the Court at that time). In order to ensure that John Hancock was aware of that proposed timeline, counsel for Securities Intermediary transmitted additional correspondence to the carrier attaching the transcript of the November 21, 2022 conference before the Court. *See* **Exhibit C**. In that correspondence, counsel for Securities Intermediary informed John Hancock that it needed to provide an additional status report to the Court regarding the timing of payment by December 2, 2022. To date, however, counsel has not received any response to that correspondence or any indication of when Securities Intermediary can expect payment of the death benefits.

Although counsel for Securities Intermediary has been travelling out of the country over the past week, he does intend to attempt to reach the individuals at John Hancock by telephone next week to further the discussions. Securities Intermediary is hopeful that it will be able to reach those individuals early next week and obtain confirmation regarding payment of the death benefit. To the extent, however, counsel is unable to do so by next Friday (December 9, 2022), counsel will file another status update with the Court that, in part, suggests a proposed course of action in light of the inability to obtain confirmation regarding payment of the proceeds.

We are hopeful the proposed course of action is satisfactory to the Court and are available for additional conference to the extent the Court deems it necessary prior to December 9, 2022. We thank you for your attention to this matter.

Sincerely,

**HOLLAND & KNIGHT LLP**

*Jesus E. Cuza*
Jesus E. Cuza

copy to: All attorneys of record via NYSCEF
Defendant Herman Segal, by email