# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

December 21, 2022

*Via ECF*

Honorable Taryn A. Merkl
United States Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza E Rm 317N
Brooklyn, NY 11201

Re:   Case 1:21-cv-01540 *Wilmington Trust, N.A, v. Segal.*

Dear Judge Merkl,

Consistent with the Court's order on December 5, 2022, Wilmington Trust ("Securities Intermediary") hereby files a status update to the Court regarding its conversations with John Hancock relating to payment of the death benefits at issue in this litigation.

Rebecca Canamero, Esq., and I (as counsel for Securities Intermediary) were able to speak with counsel for John Hancock regarding Securities Intermediary's request for payment of the death benefits relating to the two policies at issue in this litigation. During the call, counsel for John Hancock acknowledged the Court's entry of judgment in this matter and indicated John Hancock is still in the process of reviewing and analyzing certain specific facts relating to the death benefit claim. In particular, counsel for John Hancock stated that John Hancock is focused on determining whether the insured's birthdate on the policy applications is accurate *in light of certain statements made to John Hancock by Herman Segal relating to his mother's birthdate (suggesting she was older than indicated at the time she applied for the policies).* Counsel for John Hancock requested an additional two weeks to complete its review and inform Securities Intermediary of its position regarding this outstanding issue.

Consistent with this request, Securities Intermediary intends to file an additional status update with the Court no later than January 10, 2023. At that time, if John Hancock expresses a belief that the birthdate provided in the applications is accurate or that it cannot be reasonably contested (and thus intends to make full payment of the death benefits), Securities Intermediary will file a notice of dismissal with prejudice upon receipt of those funds. In the event John Hancock determines that it requires additional time within which to verify the accuracy of the insured's birthdate, however, Securities Intermediary has proposed to John Hancock that it release the funds to which Securities Intermediary is entitled under the policies in the event the age was misstated. In particular, in the event of a misstatement of the insured's age in the applications for the policies, the death benefits payable would have to be adjusted in accordance with the following provision of the policies:

> **20. MISSTATEMENTS**
> If the age or sex of the Life Insured was misstated in the application, we will, if necessary, change the Base Face Amount, any Supplemental Face Amount, and every other benefit to that which would have been purchased at the correct age or sex by the most recent Cost of Insurance Charge.

Accordingly, Securities Intermediary would accept payment of the adjusted death benefits at that time without waiving its right to collect the full death benefits upon concluding any further investigation that may be necessary regarding the insured's birthdate.

      Securities Intermediary intends to continue to work with John Hancock to resolve this matter expediently and to keep the Court fully apprised of all developments. Securities Intermediary thus asks the Court for permission to file an updated status report no later than January 10, 2023, further apprising the Court of John Hancock's position.

      We are hopeful the proposed course of action is satisfactory to the Court and are available for any additional conference the Court deems it necessary. We thank Your Honor for your attention to this matter.

Sincerely,

**HOLLAND & KNIGHT LLP**

_Jesus E. Cuza_
Jesus E. Cuza