# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

January 10, 2023

*Via ECF*

Honorable Taryn A. Merkl
United States Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza E Rm 317N
Brooklyn, NY 11201

Re:   Case 1:21-cv-01540 *Wilmington Trust, N.A, v. Segal.*

Dear Judge Merkl,

      In compliance with the Court's December 22, 2022, counsel for Wilmington Trust, N.A., ("Securities Intermediary") hereby files this status report advising the Court as to the status of the case and proposed next steps. Counsel for Securities Intermediary conferred with counsel for John Hancock again yesterday regarding Securities Intermediary's request for payment of the death benefits relating to the two policies at issue in this litigation. During the call, counsel for John Hancock indicated that he would provide an update on John Hancock's position relating to payment of the death benefits within one week. In particular, counsel indicated that John Hancock was conferring with a reinsurance company regarding the payment and thus required the additional time.

      Although it appears from our conversations with John Hancock that it will honor the Policies, it has continued to raise an issue relating to whether the insured's birthdate on the policy application is accurate in light of certain statements made to John Hancock by Herman Segal relating to his mother's birthdate (as indicated in our prior correspondence to the Court). In light of that issue, it is possible that John Hancock will require that payment be made in two separate parts. Specifically, we understand that John Hancock is conducting a calculation of the death benefits that would be owed in the event there was a misstatement of age in the policy applications (which, pursuant to the policies, would account for the higher premiums that would have been due over time based on the adjusted age). To address this and help expedite at least an initial partial payment on the policies, the parties have discussed the possibility that John Hancock would *first* pay that adjusted death benefit amount (to which there is no dispute Securities Intermediary is entitled). Securities Intermediary, in turn, would accept payment of the adjusted death benefits at that time without waiving its right to collect the full death benefits. After that payment, John Hancock would have an opportunity to work on and attempt to address the question regarding Mrs. Segal's birthdate. John Hancock would then make a second payment to Wilmington Trust of the remaining death benefits owed in the event there is no misstatement of age proven.

      Notably, after the Court issued partial judgment in this action, the United States District Court for the Northern District of Texas granted summary judgment to the policy beneficiary for a separate policy insuring the life of Lilly Segal issued by Delaware Life, which judgment is attached as Exhibit A for the Court's reference.  In that order, the Court assessed the same factual and legal issues at issue in the present action (including the discrepancies on the death certificate relating the insured's birthdate), and concluded that the Sprinta Berger who passed away on November 7, 2018 was Lilly Segal whose birthdate is March 26, 1925.  It then ordered Delaware life to pay the amounts owed under the policy, including the interest accrued from the time of Lilly Segal's death.  The Court determined the date of birth to be the date of birth in the policy application.

      Given John Hancock's request for an additional week within which to provide its position relating to the death benefits, Securities Intermediary intends to file an additional status update with the Court no later than January 17, 2023.  Notwithstanding Mr. Segal's actions, Securities Intermediary's intent continues to be to voluntarily move for dismissal of this action immediately after receipt of the death benefits to which it is entitled from John Hancock. As stated before in this litigation, Securities Intermediary is trying to be practical in this litigation and act in a way that seems to be aligned with Rule 1 of the Federal Rules of Civil Procedure.

      Securities Intermediary will continue to work with John Hancock to resolve this matter expediently and will keep the Court fully apprised of all developments.  Securities Intermediary thus asks the Court for permission to file an updated status report no later than January 17, 2023, further apprising the Court of John Hancock's position.  We are hopeful the proposed course of action is satisfactory to the Court and are available for additional conference to the extent the Court deems it necessary.  We thank you for your attention to this matter.

      Sincerely,

      **HOLLAND & KNIGHT LLP**

*Jesus E. Cuza*
Jesus E. Cuza