# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

January 17, 2023

*Via ECF*

Honorable Taryn A. Merkl
United States Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza E Rm 317N
Brooklyn, NY 11201

Re: Case 1:21-cv-01540 *Wilmington Trust, N.A, v. Segal.*

Dear Judge Merkl,

In compliance with the Court's Order dated January 11, 2023, counsel for Wilmington Trust, N.A., ("Securities Intermediary") hereby files this status report advising the Court as to the status of the case and proposed next steps. Counsel for Securities Intermediary conferred again with counsel for John Hancock regarding Securities Intermediary's request for payment of the death benefits relating to the two policies at issue in this litigation, and the parties have advanced significantly in resolving the dispute. In particular, during the call, counsel for John Hancock confirmed that it has all of the information it needs to issue a *partial* payment on each of the Policies.

The only pending issue for John Hancock (preventing *full* payment of the death benefits at this time) relates to whether the insured's birthdate on the policy application is accurate in light of certain statements made to John Hancock by Herman Segal relating to his mother's birthdate (as indicated in our prior correspondence to the Court). In light of that issue, John Hancock will pay the death claim in two separate parts. Specifically, John Hancock has conducted a calculation of the death benefits that would be owed in the event there was a misstatement of age in the policy applications (which, pursuant to the policies, would account for the higher premiums that would have been due over time based on the adjusted age). John Hancock has confirmed that it will pay that adjusted death benefit amount (to which there is no dispute Securities Intermediary is entitled) within one week. Securities Intermediary, in turn, will accept payment of the adjusted death benefits at this time without waiving its right to collect the full death benefits.

John Hancock has requested some additional time to allow it the opportunity to work on and attempt to address the question regarding Mrs. Segal's birthdate. John Hancock has confirmed it will make a second payment to Wilmington Trust of the remaining death benefits owed in the event there is no misstatement of age proven.

Based on the foregoing, Securities Intermediary requests additional time to allow John Hancock to complete its review. In particular, if the Court is in agreement, Securities Intermediary requests a status conference before the Court on February 10, 2023 (or shortly thereafter) at which time counsel for Securities Intermediary anticipates it will have a final position from John Hancock relating to payment of the remainder of the death benefits. Securities Intermediary's intent continues to be to voluntarily move for dismissal of this action immediately after receipt of the death benefits to which it is entitled from John Hancock.

We are hopeful the proposed course of action is satisfactory to the Court and are available for additional conference to the extent the Court deems it necessary. We thank you for your attention to this matter.

Sincerely,

**HOLLAND & KNIGHT LLP**

*Jesus E. Cuza*
Jesus E. Cuza