# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

March 20, 2023

*Via ECF*

Honorable Taryn A. Merkl
United States Magistrate Judge for the Eastern
District of New York
225 Cadman Plaza E Rm 317N
Brooklyn, NY 11201

**Re**:    **Case 1:21-cv-01540** *Wilmington Trust, N.A, v. Segal.*

Dear Judge Merkl,

In compliance with the Court's directive on February 16, 2023, counsel for Wilmington Trust, N.A., ("Securities Intermediary") hereby files this status report advising the Court as to the status of the case and proposed next steps.[1] As the Court is aware, John Hancock issued a partial payment on the death claim for the policies at issue, but has not remitted the full death benefits given its stated concern relating to the birthdate listed on the policy applications. As of today, $2,943,168, plus interest, is still owed on the two policies at issue.

Following the status conference with the Court last month, counsel for Securities Intermediary conferred again with counsel for John Hancock regarding Securities Intermediary's request for payment of the totality of death benefits relating to the two policies at issue in this litigation. Counsel for John Hancock indicated that John Hancock is still not comfortable that the birthdate listing on the policy applications is accurate, and thus it is still not in a position to issue payment of the remainder of the death benefits. During this discussion, we advised counsel for John Hancock that we would attempt to provide John Hancock additional documents that undisputedly support the accuracy of the date of birth on the policy applications. We also informed counsel for John Hancock that we would move in this Court for the entry of a declaratory judgment on the issue of the date of birth if John Hancock continued to withhold from Securities Intermediary the nearly than three million dollars (plus interest) that remains unpaid on the policies.

Since our last status conference with the Court, we (as counsel for Securities Intermediary) have also had multiple conversations with Defendant Herman Segal on this particular topic. Mr. Segal informed counsel that he indeed has in his possession genuine government-issued documents demonstrating that the age listed for his mother on the policy applications is accurate, and Mr.

---

[1] This letter was drafted on Friday, March 17, 2023, and would have been filed then but for technical difficulties that were addressed and resolved this morning.

Segal transmitted to counsel for Securities Intermediary *redacted* copies of some of those documents for review. Based on our review of the documents forwarded to us by Mr. Segal, we believe that Mr. Segal is *now* being truthful and that the documents in Mr. Segal's possession are indeed genuine government-issued documents establishing that the date of birth in the policy applications for Lilly Segal is correct. As a result, last week we informed Mr. Segal that we would be filing this letter with the Court, informing the Court of what we have learned from Mr. Segal relating to the documents in Mr. Segal's possession and that we would be moving the Court for a judgment declaring Lilly Segal's date of birth in an effort to finally bring this matter to closure. During the last few conversations we have had with Mr. Segal, we have insisted on the importance of there being full transparency with the Court.

In light of the foregoing, Securities Intermediary respectfully requests a status conference before the Court to discuss the current situation in more detail and the steps Securities Intermediary believes need to take place in order to bring closure to this matter and this litigation.

We are hopeful the proposed course of action is satisfactory to the Court and thank you for your attention to this matter.

Sincerely,

**HOLLAND & KNIGHT LLP**

*Jesus E. Cuza*

Jesus E. Cuza