IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILMINGTON TRUST, N.A., as Securities Intermediary,<br><br>               Plaintiff,<br><br>               v.<br><br>HERMAN SEGAL,<br>               Defendant. | Civil Action No. 1:21-cv-01540-PKC-TAM |

**DECLARATION OF REBECCA CANAMERO**

I, Rebecca Canamero, hereby declare as follows:

1. My name is Rebecca Canamero, and I am a partner in the Miami office of Holland & Knight LLP, admitted *pro hac vice* in this litigation. I submit this Declaration enclosing Exhibits in support of Wilmington Trust, N.A.'s, as Securities Intermediary's ("Security Intermediary").[1]

2. Motion to join John Hancock Life Insurance Company of New York ("John Hancock") as a defendant in this action.

3. Wilmington Trust, N.A., as securities intermediary, is the record owner and beneficiary for John Hancock Policy Number 93973600 and Policy Number 93972826 insuring the life of Lilly Segal (the "Policies").

4. The Policies were taken out by the insured's son, Defendant Herman Segal, and have a combined $18 million death benefit.

---

[1] At all times relevant hereto Wilmington Trust, N.A. acts solely in a ministerial capacity, as Securities Intermediary for its customer and entitlement holder with respect to life insurance policies nominally owned by the Securities Intermediary on behalf of such customer and entitlement holder, and does not act in its individual capacity. See, e.g., N.Y. U.C.C. § 8-102(a)(14)(b) (defining the role of a securities intermediary).

5. Securities Intermediary's customer and entitlement holder purchased the Policies on the life settlement market years after their issuance and directed Securities Intermediary to hold the Policies in such customer's securities account.

6. John Hancock has accepted and acknowledged the fact that Lilly Segal died in 2018.

7. John Hancock has made a partial payment of the death benefit due on the Policies, but has refused to pay $2,943,168 that remains outstanding.

8. Securities Intermediary has previously supplied this Court with evidence of Defendant Herman Segal's history of fraud, forgery, and other criminal conduct, and has supplied evidence that Mr. Segal has sought to obfuscate facts that would allow Securities Intermediary to collect the full death benefit from John Hancock.

9. Securities Intermediary has provided both this Court and John Hancock with historic records that constitute ancient documents, establishing that Lilly Segal was born in 1926.

10. Securities Intermediary is not aware of any ancient document that provides any other date of birth for Lilly Segal than 1926.

11. Attached hereto as Exhibit A is a true and accurate copy of the Transcript of the January 29, 2024 status conference in this action, held before Magistrate Judge Merkl.

12. Securities Intermediary, through its counsel, has engaged in ongoing efforts to demonstrate to John Hancock its entitlement to full death benefits under the Policies, and has supplied John Hancock with the ancient documents proving Lilly Segal's date of birth. These efforts have unfortunately been insufficient to convince John Hancock to pay the death benefit due on the basis that Lilly Segal was born in 1926.

13. All papers in support of Security Intermediary's Motion, and all previously-filed papers cited in support of the Motion, will be simultaneously mailed to Defendant.

14. I declare under penalty of perjury that the foregoing is true and correct.

15. Executed on the 22nd day of March, 2024, at Miami-Dade County, Florida.

*/s Rebecca Canamero*
Rebecca Canamero
