

**Jaclyn M. Metzinger**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (212) 808-7843
Fax: (212) 808-7897

April 18, 2024

**By ECF**

Honorable Pamela K. Chen
United States Judge for the Eastern
District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  John Hancock Life Insurance Company of New York's Response to Wilmington Trust, N.A.'s Motion to Join John Hancock Life Insurance Company of New York as a defendant in *Wilmington Trust, N.A. v. Segal*, Case No. 1:21-cv-01540 (E.D.N.Y.)

Dear Judge Chen:

The undersigned represents John Hancock Life Insurance Company of New York ("John Hancock") in *Wilmington Trust, N.A. v. Segal*, Case No. 1:21-cv-01540 (E.D.N.Y.) (the "Action"). John Hancock does not oppose Wilmington Trust, N.A.'s ("Wilmington Trust") Motion to Join John Hancock as a Defendant in this Action (the "Motion") and submits this letter in response to the Motion.

By way of background, John Hancock is Interpleader Plaintiff in *John Hancock Life Insurance Company of New York v. Wilmington Savings Fund Society, FSB, and Elliot Brisk, as Trustee of The Lilly Segal Trust* (the "Related Action"), Case No. 1:23-cv-05945 (E.D.N.Y.). On January 9, 2024, this Court ordered the consolidated treatment of the Related Action with this Action, for pretrial case management to resolve the key issue in both cases pertaining to decedent Lilly Segal's date of birth. John Hancock contends that Lilly Segal's date of birth of January 14, 1924, and has paid out the death benefit to Wilmington Trust on the two life insurance policies at issue in this Action based on that date. Wilmington Trust contends that Lilly Segal's date of birth was March 26, 1926, and contends that an additional $2,943,168, plus interest, is still owed under the policies at issue.

On February 26, 2024, after receiving the parties' joint status report, the Court granted a 90-day discovery schedule in both this Action and the Related Action, and ruled that any motion joining John Hancock in this action should be initiated by March 22, 2024. *See John Hancock Life Insurance Company of New York v. Wilmington Savings Fund Society, FSB, and Elliot Brisk, as Trustee of The Lilly Segal Trust*, Case No. 1:23-cv-05945 (E.D.N.Y.) (text order on Feb. 26, 2024). Wilmington Trust subsequently filed this Motion on March 22, 2024.

Honorable Pamela K. Chen
April 18, 2024

John Hancock has started discovery and believes that the Court's granting of Wilmington Trust's Motion will help facilitate discovery efforts. While counsel for Wilmington Trust has stated it has "engaged in ongoing efforts to demonstrate to John Hancock its entitlement to full death benefits under the Policies" and "[t]hese efforts have been insufficient to convince John Hancock to pay the death benefit due," these "ongoing efforts" are not complete. *See* ¶ 12, ECF 68, *Wilmington Trust, N.A. v. Segal*, Case No. 1:21-cv-01540 (E.D.N.Y.).

Although John Hancock has received some informal discovery from counsel for Wilmington Trust, it is incomplete and John Hancock intends to serve formal discovery once it has been made a party to this Action. For example, on January 9, 2024, the Court directed counsel for Wilmington Trust to send John Hancock documents they had located through an investigator, to which Wilmington Trust sent to John Hancock. On or around January 10, 2024, counsel for John Hancock asked counsel for Wilmington Trust to identify their investigator and requested a call with the investigator to understand the investigative process. After repeated requests to learn the identity of the investigator and to speak with the investigator, John Hancock learned on or around March 11, 2024 that the "investigator" was in fact not an independent third-party, but one or more Holland & Knight associates. While Holland & Knight initially advised that they would make their associate(s) available to explain their investigative process, they have not yet done so despite repeated requests. Once John Hancock has been made a party to this Action and reviews Wilmington Trust's amended complaint, it plans to serve additional discovery, including a notice of deposition to Herman Segal, and a request to receive copies of any other discovery that has been produced in the Action. Finally, John Hancock has requested Lilly Segal's records from Social Security Administration ("SSA"), and is in discussions with the SSA regarding its requests, but will likely need to serve a formal subpoena once it has been made a party to this Action.

John Hancock is moving forward with this discovery as expeditiously as possible, and will continue to do so after it has been formally joined as a defendant.

Respectfully submitted,

*/s/ Jaclyn M. Metzinger*

Jaclyn M. Metzinger