# Holland & Knight

701 Brickell Avenue, Suite 3300 | Miami, FL 33131 | T 305.374.8500 | F 305.789.7799
Holland & Knight LLP | www.hklaw.com

Jesús E. Cuza
305 789 7513
jesus.cuza@hklaw.com

January 20, 2025

*Via ECF*
Honorable Pamela K. Chen
Eastern District of New York
225 Cadman Plaza E Rm 317N
Brooklyn, NY 11201

**Re**: *Wilmington Trust, N.A, v. Segal*, **Case 1:21-cv-01540 Pre-Motion Letter**

Dear Judge Chen,

      Following the Court's prior order granting partial summary judgment relating to the fact and date of death of Lilly Segal, John Hancock Life Insurance Company ("John Hancock") (the insurance carrier that issued the two insurance policies on which this action is premised (the "Policies") issued a *partial* payment on the death claim. It refused, however, to remit the full death benefits on the stated basis of a purported discrepancy in the birthdate of the insured, Lilly Segal[1]. As of today, $2,943,168, plus interest, is still owed on the Policies. Counsel for Wilmington Trust, N.A., as Securities Intermediary ("Securities Intermediary")[2] conducted an investigation through which counsel located documents and information—including numerous ancient documents—that evidence Lilly Segal's true date of birth. Securities Intermediary respectfully requests a pre-motion conference, pursuant to Your Honor's Individual Practices and Rules, in anticipation of an imminent Partial Motion for Summary Judgment regarding the true date of the insured's birth and John Hancock's obligation to fully pay the death benefits. Alternatively, and arguably more appropriate given the facts and evidence, Securities Intermediary requests the pre-motion conference may not be a useful expenditure of the Court's parties' time, and thus that a motion schedule be set without conference.

      Securities Intermediary is entitled to partial summary judgment, consisting of, among other things, a declaration as to the following, as requested in Count II of the Second Amended Complaint:

      (1) John Hancock is obligated to pay the full death benefits, plus interest, under the Policies

      (2) Lilly Segal was born on March 26, 1926

---

[1] Lilly Segal has been known by several names in her lifetime, and she is described herein only as Lilly Segal, for clarity and brevity.

[2] At all times relevant hereto Wilmington Trust, N.A. acts solely in a ministerial capacity, as Securities Intermediary for its customer and entitlement holder with respect to life insurance policies nominally owned by the Securities Intermediary on behalf of such customer and entitlement holder, and does not act in its individual capacity. *See, e.g.,* N.Y. U.C.C. § 8-102(a)(14)(b) (defining the role of a securities intermediary).

The requested declaration will afford Securities Intermediary the relief it is contractually entitled to under the Policies.

**First**, in light of the overwhelming and highly-credible evidence supporting that Lilly Segal's birthdate is the birthdate listed on the application for the Policies—March 26, 1926—John Hancock cannot, *as a matter of law*, satisfy its burden to prove a misstatement of age on the application (which is the only basis John Hancock has raised for not paying the full death benefits). Indeed, "[t]he burden of proving a misstatement of age by the insured rests upon the insurer, and in the absence of proof to the contrary, a presumption exists that the applicant has truly stated his or her age." 6 Couch on Ins. § 86:7 (collecting cases); *see also Wells Fargo Bank, N.A. v. Lincoln Benefit Life Co.*, No. 1:13-CV-2890-TWT, 2017 WL 781508, at *3 (N.D. Ga. Mar. 1, 2017) ("[T]he courts that have addressed the issue [regarding burden of proof in the context of misstatement of age] require an insurer ***prove*** a misstatement of age by the insured as a defense to paying the full death benefit.") (emphasis added) (collecting cases); *Koch v. Prudential Ins. Co. of Am.*, 202 Kan. 229, 232, 447 P.2d 825, 828 (Kan. 1968) ("[I]t appears to be the very general rule that where the insurer challenges the coverage because of a misstatement of his age, the insurer has the burden of proving the falsity."); *Bernard v. Metropolitan Life Ins. Co.*, 45 N.E. 2d 518, 519 (Ill. App. Ct. 1942) (same).

As addressed in detail below, the evidence weighs heavily in favor of a finding that Lilly Segal was born in 1926, and the evidence that John Hancock raises is either inadmissible, is evidence that Herman Segal has acknowledged he provided (and has insinuated he did so falsely), or is minimal and arises decades after the plethora of evidence supporting the contrary position. In light of the overwhelming admissible evidence supporting a 1926 birthdate, even if John Hancock had some admissible (and not tainted by Herman Segal) evidence that evidenced a 1924 birthdate (which Securities Intermediary argues it does not), it still could not satisfy its burden to prove misstatement of age. On this basis alone, the Court can (and should) enter a declaration as a matter of law that John Hancock is obligated to pay the remainder of the death benefits owed under the Policies because John Hancock will not be able to raise a ***genuine*** issue of material fact as to Lilly Segal's date of birth. Stated differently, the uncontested material facts establish that John Hancock will not be able to meet its burden of establishing that Lilly Segal was not born in 1926. Thus, Securities Intermediary will establish that it is entitled to judgment as a matter of law.

**Second**, and even though unnecessary in light of the first issue discussed above, based on the undisputed facts and admissible evidence before the Court, the Court can also determine as a matter of law, that Lilly Segal was born on March 26, 1926. To be sure, Securities Intermediary has identified numerous pieces of evidence, each of which fall squarely within the exception to the hearsay doctrine for ancient documents contained in Federal Rule of Evidence 803(16), that identify Lilly Segal's birthdate as March 26, 1926. *See* Exhibit A. Counsel for Securities Intermediary located many of these ancient documents in highly credible repositories of historic, primary sources, including the United States National Archives, among others. Furthermore, the production from the Social Security Administration ("SSA") in this case states that "[t]he DOB

2

listed for Lilly Segal on her Numident Record[3] is March 26, 1926."[4]

While John Hancock has identified some documents that contain an alternate birthdate for Lilly Segal (January 14, 1924), all of those documents are either inadmissible or created in more recent years. Moreover, several of those documents were, by Herman Segal's own admission, prepared by him (not his mother). For example, Herman Segal has admitted that the petition for Lilly Segal's New Jersey name change, and the death certificate issued following Lilly Segal's death were prepared by (or with information provided by) Herman Segal. The second of these two documents has already been declared by this Court to contain incorrect information – i.e., an incorrect Social Security number for Lilly Segal. Asked about the discrepant birthdates at deposition, and asked to produce unredacted copies of ancient documents containing Lilly Segal's birthdate, Herman Segal pleaded Fifth Amendment protections against self-incrimination, noting that provision of those documents could incriminate him by revealing the discrepancy between the birthdate he included on Lilly Segal's name change Petition and death certificate, and the date consistently included in all the ancient documents, which Securities Intermediary now possesses. In addition, and as relates to some medical records that purport to show that Lilly Segal was born in 1924, that birthdate information is not the type of information that falls within the hearsay exception for medical records under Fed. R. Evid. 804(4). In other words, John Hancock does not have any documents that constitute admissible and reliable evidence that can be used to prove Lilly Segal's age. The same is true as relates to information John Hancock provided relating to an unsworn interview of Lilly Segal by the Fortunoff Archive that took place in 2005. Finally, to the extent John Hancock relies on recent deposition testimony from Herman Segal claiming the 1924 birthdate is correct, that testimony is also inadmissible and is directly contradicted by his own prior testimony that he has no personal knowledge of his mother's birthdate.

**In sum**, the universe of facts and evidence that is admissible and relevant to the declarations sought by Securities Intermediary are not in dispute. In fact, both parties agree that there is no need for a trial in this action because the relevant evidence is already before the Court. *The only questions that remain to be resolved are issues of law: (1) which pieces of evidence are admissible for the purpose of establishing Lilly Segal's date of birth and (2) what does that admissible evidence establish as a matter of law*.

As discussed above, the admissible evidence makes clear that Lilly Segal was in fact born on March 26, 1926. John Hancock has not (and cannot) present admissible, reliable evidence to rebut that conclusion. Moreover, even if John Hancock had some admissible and credible evidence that supported a birthdate of January 14, 1924 (which it does not), there is no question that John Hancock cannot as a matter of law satisfy its legal burden to establish a misstatement of age defense *as a matter of law*. For this reason, Securities Intermediary is entitled to summary judgment providing for a declaration that John Hancock is legally obligated to pay the remainder of death benefits owed under the Policies.

---

[3] The SSA indicates that a "Numident record is a computer extract of Form SS-5 [application for a social security card] and subsequent applications for replacement Social Security number (SSN) cards." In other words, when Lilly Segal first applied for a Social Security card, she provided the March 26, 1926 birthdate.

[4] The SSA indicates that the birthdate listed for her "as a beneficiary on her former spouse's Master Beneficiary Record is January 14, 1924." At best, John Hancock has competing statements in the SSA record regarding her birthdate, which is insufficient to satisfy its burden to prove misstatement of age. *See infra*.

3

      Accordingly, Securities Intermediary respectfully requests the opportunity to brief a Partial Motion for Summary Judgment on this issue. We thank you for your consideration of this request.

      Sincerely,

**HOLLAND & KNIGHT LLP**


*/s/ Jesus E. Cuza*
Jesus E. Cuza