

**Jaclyn M. Metzinger**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel:  (212) 808-7843
Fax: (212) 808-7897

March 28, 2025

**By ECF**

Hon. Pamela K. Chen
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:   *Wilmington Trust, N.A. v. Segal and John Hancock Life Insurance Company of New York*, 21-cv-01540-PKC-TAM

Dear Judge Chen:

The undersigned represents Wilmington Trust, N.A., as securities intermediary for Geronta Funding ("Wilmington"), as well as John Hancock Life Insurance Company of New York ("John Hancock") (collectively, the "Parties"), in the above-captioned case.  We submit this joint letter in response to Your Honor's March 21, 2025 Order and after meeting and conferring on March 27, 2025[1] concerning the issues discussed therein.  (ECF-107.)

***First***, both Wilmington and John Hancock have agreed to forgo filing motions for summary judgment at this juncture and consent to proceed directly to trial.

***Second***, both Parties are available for trial during the date ranges:

- September 9, 2025 through September 12, 2025.

- September 15, 2025 through September 19, 2025.

- October 20, 2025 through October 24, 2025.

- October 27, 2025 through October 30, 2025.

The parties anticipate that this trial will take no more than three days of trial time.  If the Court is not available for a trial during any of these weeks, the Parties will discuss further windows of availability for trial in accordance with this Court's calendar.

***Third***, the Parties discussed, but have not yet reached agreement on, whether the limited issues to be initially tried as part of this proposed bifurcated proceeding should proceed as a jury or bench trial. The Parties' respective positions are below.

---

[1] Defendant Herman Segal was invited to attend this meeting, but declined to participate.

Honorable Pamela K. Chen
March 28, 2025

Wilmington's position is that although Wilmington has exercised its right to a jury trial, Wilmington is considering agreeing to a bench trial. Nevertheless, Wilmington needs until April 15, 2025, to ensure that the decisionmakers on this issue have been fully informed and able to make informed decisions. Wilmington, therefore, respectfully requests until April 15, 2025, to supplement this letter on this particular issue.

John Hancock's position is that this Court should first conduct a bench trial of Wilmington's claim against John Hancock, and then proceed with a jury trial of Wilmington's claims against Mr. Segal, if necessary. Wilmington has only asserted a single equitable claim for declaratory judgment against John Hancock, and therefore is not entitled to a jury trial on that claim. If the Court is inclined to order a jury trial of Wilmington's claim against John Hancock, we request an opportunity to brief both Plaintiffs' entitlement to a jury trial as well as the propriety of bifurcation under these circumstances. Indeed, bifurcation would only serve efficiency if the bench trial against John Hancock precedes—and potentially obviates the need for—a jury trial against Mr. Segal.

Respectfully submitted,

| **HOLLAND & KNIGHT LLP** | **KELLEY DRYE & WARREN LLP** |
|---|---|
| */s/ Jesus E. Cuza* | */s/ Jaclyn M. Metzinger* |
| Jesus E. Cuza | Jaclyn M. Metzinger |
| | |
| Jesus E. Cuza (admitted *pro hac vice*) | Jaclyn M. Metzinger |
| Rebecca Canamero (admitted *pro hac vice*) | Caitlin Hickey |
| 701 Brickell Avenue, Suite 3300 | Steven W Schlesinger |
| Miami, FL 33131 | 3 World Trade Center |
| Phone: (305) 374-8500 | 175 Greenwich Street |
| jesus.cuza@hklaw.com | New York, New York 10007 |
| rebecca.canamero@hklaw.com | Phone: (212) 808-7800 |
| | jmetzinger@kelleydrye.com |
| | chickey@kelleydrye.com |
| | sschlesinger@kelleydrye.com |
| | |
| *Attorneys for Plaintiff Wilmington Trust, N.A., as securities intermediary for Geronta Funding* | *Attorneys for Defendant John Hancock Life Insurance Company of New York* |